UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. WINSLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-1006 NAB |
| | ) |
| ANDREW M. SAUL[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Christopher L. Winslett's appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**Issues for Review**

Winslett, proceeding pro se, presents several issues for review[2]. First, Winslett asserts that the Missouri Department of Family Services and a Vocational Rehabilitation expert confirm that

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.
[2] The Court has liberally construed Mr. Winslett's letters [Docs. 17, 18, 19] as his Brief in Support of Complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (pro se pleadings must be liberally construed); *Stone v. Harry*, 364 F.3d

he is unable to work. Second, he asserts that the vocational expert at his administrative hearing testified that he would be unable to work. Third, he contends that information was improperly expunged from the administrative record. Finally, he states that there was a false statement regarding when he stopped working in the final decision.

**Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

---

912, 915 (8th Cir. 2004) (essence of pro se litigant's allegation must be discernable, even if it is not pleaded with legal nicety).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d. 913, 915 (8th Cir. 2012).

## Discussion

**A.     Contents of the Administrative Record**

Winslett directs the Court to two issues regarding the information contained in the administrative record. First, he states that the administrative law judge ("ALJ") improperly expunged his medical records from the administrative record. [Docs. 18, 19] In her written opinion, the ALJ noted that she expunged 5 pages of records from the administrative record, because the information contained in those pages was related to another individual. (Tr. 21) The Commissioner contends that these records were unrelated to Winslett and were properly removed from the record. Winslett has not provided any support for his claim that the records removed by the ALJ were his medical records. It is not uncommon for the Social Security Administration to correct the inadvertent disclosure of another person's records in a social security action and the agency should do so as soon as it is discovered. *See e.g. McKinney v. Colvin*, No. CIV-12-1120 LAM, 2013 WL 12328838 at *1, n. 1 (D. New Mexico Dec. 12, 2013) (transcript removed from court docket because it referred to the personal and private information of an individual other than Plaintiff). The removal of records from a claimant's file that do not pertain to the claimant does not constitute grounds for reversal on appeal.

Next, Winslett submits additional medical records with his filings stating that these medical records were "expunged to deny my claim also." [Doc. 19 at 2-89] Winslett asserts that he is resubmitting all records and documents which support the approval of his claim to federal court. The Commissioner contends that these records are already included in the administrative transcript filed by the Commissioner. The Court has reviewed the records submitted by Winslett and all of them were included in the administrative transcript submitted by the Commissioner. [Doc. 12] Therefore, the documents submitted by Winslett have been considered by the Court and are a part of the official administrative record.

**B.  ALJ's Disability Determination**

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The ALJ determined that Winslett met the insured requirements of the Social Security Act through December 31, 2017 and had not engaged in substantial gainful activity ("SGA") since September 27, 2014, the alleged onset date. Winslett contends that the ALJ's finding of his SGA date is incorrect, because he has not worked since November 9, 2012.

In addition to determining whether an individual is disabled, the ALJ must also establish the onset date of disability. Titles II and XVI: Onset of Disability, SSR 83-20, 1983 WL 31249 at *1. "Substantial gainful activity means work that – (a) involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. The ALJ's finding is supported by substantial evidence in the record. Winslett's application states that he became unable to work on September 27, 2014. (Tr. 317.) Winslett

alleges that he stopped working on November 9, 2012, therefore, he did not work after the alleged onset date of September 27, 2014 and the ALJ's finding is correct.

Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ found that Winslett had the severe impairments of degenerative disc disease of the lumbar spine, chronic pain syndrome, chronic asthma and bronchitis, and morbid obesity. (Tr. 24) Winslett does not contest this finding.

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that Winslett did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27) Winslett does not contest this finding.

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Winslett had the RFC to perform light work with the following additional requirements: (1) never climb ladders, ropes or scaffolds; (2) occasionally climb ramps and stairs; (3) occasionally balance, stoop, kneel, crouch, and crawl; (4) cannot work at unprotected heights or around moving mechanical parts or other such hazards; and (5) no concentrated exposure to extreme heat, cold, dust, fumes, or other pulmonary irritants. (Tr. 27) The ALJ found that Winslett could not perform

his past relevant work as a mixer or warehouse worker with the limitations of his RFC. (Tr. 33) Winslett does not contest this finding.

Because Winslett met his burden that he was unable to perform past relevant work, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The ALJ found that considering Winslett's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Winslett could perform. (Tr. 34) Therefore, the ALJ determined that Winslett had not been under a disability, as defined in the Social Security Act, from September 27, 2014, through the date of the decision. (Tr. 35)

Winslett asserts that other agencies have found him disabled, therefore, the ALJ's final decision of non-disability is in error. He directs the Court to the grant of Medicaid and home health care services from the Missouri Department of Social Services and a letter from the state Vocational Rehabilitation that states he cannot be retrained for work due to his medical problems. (Tr. 430, 1625-29.) When a claimant submits documentation regarding findings of disability by other nongovernmental or governmental agencies, the ALJ should consider those findings. *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006). Nevertheless, an ALJ is not bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security disability benefits. *Hensley v. Colvin*, 829 F.3d 926, 935 (8th Cir. 2016) (citing *Pelkey*, 433 F.3d at 579-80). Determinations made by other agencies that a claimant is disabled are not binding on the Social Security Administration. 20 C.F.R. §§ 404.1504, 916.904. In this

case, the ALJ considered the findings provided by the aforementioned agencies and gave them little weight. (Tr. 32-33)

The Missouri Department of Social Services ("DSS") found that Winslett was medically eligible for Missouri Health Net benefits due to a permanent and total disability in 2016. (Tr. 1625-1629) The ALJ gave the finding little weight, because the finding was based on state agency rules and the totality of evidence failed to establish objective clinical signs and diagnostic findings supportive of the alleged pain intensity or degree of functional limitations alleged by Winslett. (Tr. 32-33) Although the state agency refers to some of the social security regulations in its evaluation, the Social Security Administration is not bound by DSS's decision.

Winslett also refers the Court to a February 2016 finding by a vocational rehabilitation counselor Brenne Ardrey that stated "Per our conversation and the medical records reviewed, your doctor indicates you are not a suitable candidate for a rehabilitation program at this time. Therefore, no case will be opened at this time, until your doctor medically releases you to work." (Tr. 430) The ALJ gave little weight to Ardrey's statement, because Ardrey was not an acceptable medical source under social security regulations and the ALJ found her opinion was formulated based on Dr. Patricia Litkowski's opinion, which the ALJ also gave little weight. (Tr. 32, 635-36.) The ALJ had found that Dr. Litkowski's opinion relied heavily on Winslett's subjective complaints of fatigue, low energy, severe pain, and inability to walk without a cane, rather than objective diagnostic studies or clinical signs. (Tr. 32)

The Court finds that the ALJ properly considered the opinions of the other agencies along with the other evidence in the record and the ALJ's evaluation of the other agencies' opinions is supported by substantial evidence.

7

Further, Winslett contends that the ALJ's finding is erroneous, because the vocational expert testified that he was unable to work. "Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). A "hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies." *Pickney*, 96 F.3d at 297. "[T]he ALJ's hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* at 296. "However, the hypothetical question need only include those impairments which the ALJ accepts as true." *Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005). At the administrative hearing, the ALJ asked the vocational expert several hypothetical questions. In response to the hypothetical that later became the RFC, the vocational expert testified that there were jobs of hand packer and production worker assembler available. (Tr. 170-71) The ALJ also asked if there would be jobs available if the exertional level was sedentary. (Tr. 171) The vocational expert testified that there would be unskilled hand packer and unskilled production worker assembler jobs available. (Tr. 171) The vocational expert then testified that if there were an added limitation of an individual being off task for 15 percent of the work day or absent two or more days per month, due to symptoms from their condition or pain, the individual would be unable to do any past relevant work or work in the national economy. (Tr. 172) The vocational expert also testified that if the hypothetical individual had to lay down one to two hours during the work day, they would not be able to work in the national economy. (Tr. 172) The vocational expert testified that if the hypothetical person had to take additional rest breaks during the day, it would not be tolerated and would result in termination. (Tr. 172) The RFC determination made by the ALJ did not include the limitations that the vocational expert testified were incompatible with work; therefore, the vocational expert's testimony regarding those

limitations are not applicable to Winslett's case. The hypothetical question included all of Winslett's limitations that the ALJ found to be credible. Therefore, the hypothetical question to the vocational expert was proper and the vocational expert testimony constituted substantial evidence supporting the Commissioner's denial of benefits. *See LaCroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

## CONCLUSION

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, … and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* Substantial evidence supports the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 17, 18, 19]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of July, 2019.